# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5225 | **DATE** | 3/12/2001 |
| **CASE TITLE** | WILLIAM P. O'MALLEY, et al vs. AIR FRANCE SA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss [7-1] is granted with respect to Counts V and VI and those claims are dismissed with prejudice. Defendants' motion to dismiss is granted in part and denied in part with respect to Counts VII and VIII, which the Court construes as negligence claims. To the extent that Counts VII and VIII are based on facts other than the alleged defamatory remarks, the motion to dismiss is grnated because those claims are preempted by the ADA. To the extent that Counts VII and VII are based on the alleged defamatory remarks, the motion to dismiss is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| TBK | courtroom deputy's initials |
| | Date/time received in central Clerk's Office |

number of notices

MAR 14 2001 date docketed

docketing deputy initials

MAR 14 2001 date mailed notice

mailing deputy initials

Document Number

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM P. O'MALLEY and ) <br> JUDI O'MALLEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AIR FRANCE SA and ) <br> DOUGLAS PETERSON, ) <br> ) <br> Defendants. ) | 00 C 5225 <br> Judge Ronald A. Guzman <br><br> DOCKETED <br><br> MAR 1 4 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs William and Judi O'Malley filed this suit against Air France SA and an Air France Employee, Douglas Peterson, for defamation of character, false light invasion of privacy, intentional infliction of emotional distress, and breach of warranty of civility. The court is vested with jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. §1332(a). Defendants have moved to dismiss Counts V through VIII of plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, defendants' motion is granted in part and denied in part.

## BACKGROUND FACTS

The following facts are taken from the Complaint. Plaintiffs, who are Illinois residents, were passengers on Air France SA, Flight No. 55, traveling from O'Hare Airport, in Chicago, Illinois, to Charles de Gaulle Airport in Paris, France. On this flight, William asked an unknown female flight attendant for assistance in hanging up his and his wife's coats. In response, the

flight attendant pointed to a hanger, which was not visible to William, and "stormed away" with no further explanation. After takeoff, Judi asked the same flight attendant for a piece of cheese to wrap around a sedative for plaintiffs' dog that was traveling with them. The flight attendant discourteously inquired whether Judi had ordered early service. Whereupon Judi replied that she had not and the flight attendant walked away. Later, William asked an unknown male flight attendant for a piece of cheese. Minutes later a plate of cheese was "slammed down" on William's tray table. The male flight attendant impolitely asked William if he worked for another airline or was a travel agent. After dinner was served, William requested cognac and received the reply "fini" and was offered nothing else. Later William requested Armagnac and the female flight attendant poured a glass of scotch and "thrust it into his hand." Thereafter, Judi traveled to the main galley to purchase Armagnac. After waiting in line, Judi was handed two small bottles and, forgetting the liquor was free, left $10.00 on the cart. The male flight attendant returned the money to Judi after she returned to her seat by slamming it onto the tray table and ignoring Judi's explanation. After breakfast, Judi retired to the lavatory. Upon her return, the male flight attendant put out his hand and stopped Judi to ask her for which airline she worked. Judi replied that she was a travel agent.

After the flight arrived in Paris, Judi received an urgent fax from Ms. Valerie Latsoudis, Judi's employer. Judi contacted Ms. Latsoudis and learned that an employee of Air France, Douglas Peterson, contacted Ms. Latsoudis regarding plaintiffs' flight to Paris. Mr. Peterson received word that the male flight attendant from Flight No. 55 sent an electronic mail message to the chief executive officer of Air France, the sales manager, and all department heads that plaintiffs were unruly passengers, behaved improperly, and complained that the champagne was

2

not the proper vintage. Plaintiffs claim that these statements concerning their behavior on Flight No. 55 are false. Mr. Peterson advised Ms. Latsoudis that a similar report had been wired to the news media and to all other airlines. Mr. Peterson also informed Ms. Latsoudis that unless she would "vouch for" plaintiffs, Air France would cancel their return flight reservations and that plaintiffs would have to arrange for their own return to Chicago. Judi spent the remainder of the day making alternative arrangements to return to Chicago.

As a result of defendants' actions, Judi and William have suffered emotional distress, anxiety, sleeplessness, and high blood pressure. Furthermore, Judi and William have suffered injury to their reputations, credit, and good names. William and Judi filed this complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, Civil Action No. 00 L 007783. Defendants properly removed the action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(d).

## DISCUSSION

Under Rule 12(b)(6), a court may dismiss a complaint only if it is clear that no relief is possible under any set of facts that could be established consistent with the allegations. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Consistent with this approach, all well pled facts in the complaint are taken as true and all inferences are drawn in the light most favorable to the plaintiff. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992).

Counts V and VI state Judi and William's separate claims for intentional infliction of emotional distress. Count VII alleges defendants' breach of warranty of civility toward Judi and

Count VIII details defendants' breach of warranty of civility toward William. Defendants move to dismiss Counts V through VIII of the complaint on the grounds that there is no recognized cause of action for breach of warranty of civility and that defendants' conduct was not severe enough to constitute intentional infliction of emotional distress.

With respect to defendants' argument that there is no recognized cause of action for breach of warranty of civility, this is not a defect because stating an incorrect legal theory is not fatal to plaintiffs' complaint. *Bartholet*, 953 F.2d at 1078. Rather than inquiring into whether the complaint asserts an appropriate cause of action, the court should question whether relief is possible under any set of facts that could be established from plaintiffs' allegations. *Id.* Counts VII and VIII assert that defendants breached their duty of care and that breach caused injury to plaintiffs. Thus, Counts VII and VIII will be construed as negligence claims rather than the incorrect legal theory, breach of warranty of civility.[1]

## A. Preemption of State Law Claims Under the Airline Deregulation Act

Plaintiffs' state law claims that relate to airline services are preempted by the Airline Deregulation Act of 1978 ("ADA"). As reenacted without substantive changes in 1994, the ADA provides that: "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ." 49 U.S.C. § 41713(b)(1) (2000); *see American Airlines, Inc. v. Wolens*, 513 U.S. 219, 222 (1995). This legislation was enacted so that "states would not undo federal deregulation with regulation

---

[1] As explained further on, the negligence claim is allowed only as to certain specific allegations.

4

of their own." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992).

There is much debate over the scope of the ADA's preemption clause. In *Morales v. Trans World Airlines, Inc.*, the Supreme Court interpreted the phrase "related to" broadly, expressing a broad preemptive purpose. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378-79 (1992). The Supreme Court expressly limited the reach of its holding, however, and stated that "some state actions may affect airline fares in too tenuous, remote, or peripheral a manner" to be preempted by the ADA. *Id.* at 390. The Supreme Court revisited the reach of the ADA's preemption clause in *American Airlines, Inc., v. Wolens*, 513 U.S. 219, 227 (1995). Interpreting *Morales*, the Supreme Court in *Wolens* found that a state must also "enact or enforce" a law for it to be preempted under the ADA. *Id.* at 227.

In light of these Supreme Court decisions, the Seventh Circuit has found that for a claim to be preempted by the ADA, a state must: (1) "enact or enforce" a law and (2) that law must relate to airline rates, routes, or services. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 (7th Cir. 1996).

The common law negligence and intentional infliction of emotional distress claims are "enacted or enforced" because they are the imposition of state standards. In *Travel All Over the World, Inc.*, the court stated that intentional tort claims constituted the "enactment or enforcement" of the law. 73 F.3d at 1435 (finding tort claims reflect the imposition of the states substantive standards through the common law). Similarly, plaintiffs' negligence claims are also the state's attempt to "enact or enforce" a law because the negligence claim is the imposition of the state's substantive standards through the common law. Thus, plaintiffs' negligence and intentional infliction of emotional distress claims satisfy the first prong of the Seventh Circuit's

5

test.

There are no broad rules concerning whether certain types of common law claims "relate to" airline rates, routes, or services under the ADA. *Id.* at 1433. Instead, the court must examine the underlying facts of each case. *Id.* Therefore, because the complaint alleges the same facts for both the negligence and intentional infliction of emotional distress claims, both are examined below based on the underlying facts of this case.

In their complaint, Judi and William allege that defendants caused distress by impolitely questioning them during the flight, "storming away," slamming cheese and money onto the tray table, replying "fini" when plaintiffs requested cognac, and thrusting scotch into William's hand. Ticketing, boarding procedures, food service, baggage handling, and the transportation itself are generally considered airline "services." *Id.* at 1432. While the rude and inappropriate manner in which defendants performed the services was not bargained for, the crucial inquiry is the underlying nature of the actions taken. *Id.* Thus, these allegations relate to airline services because the underlying nature of the defendants' actions was to provide food, transportation, and to board the passengers onto the plane.

Plaintiffs also allege that defendants threatened to cancel their return reservation unless Judi's employer would "vouch for" the plaintiffs. Defendants' ticketing policies are also part of the service agreement bargained for by plaintiffs. By threatening to cancel plaintiffs' return ticket reservation, defendants were withholding a service from plaintiffs. *See id.* (finding claim brought by travel agency for airline's failure to honor confirmed reservation was "related to" airline's services); *Chrissafis v. Continental Airlines, Inc.*, 940 F. Supp. 1292, 1300 (N.D. Ill. 1996) (stating that intentional infliction of emotional distress claim would be preempted were it

only based on the allegation that defendant refused to transport plaintiff); *Pearson v. Lake Forest County Day Sch.*, 262 Ill. App. 3d 228, 237, 633 N.E.2d 1315, 1321 (2nd Dist. 1994) (holding tort claims based on airline's refusal to transport plaintiff were directly related to airline services). Although defendants may have improperly refused to transport plaintiffs, the question is not why defendants refused to provide a service, but whether the claim actually refers to a service. *See Travel All Over the World, Inc.*, 73 F.3d at 1434. Thus, defendants' refusal to transport plaintiffs is related to airline services and is preempted under the ADA.

While the prior factual allegations are related to airline services, plaintiffs' allegation that defendants spoke false and defamatory statements about plaintiffs to media, other airlines, and Judi's employer are not related to services. According to plaintiffs' complaint, defendants advised Judi's employer that plaintiffs were unruly passengers, behaved improperly and complained that the champagne was the improper vintage. This report of plaintiffs' behavior was purportedly wired to employees of Air France, the news media, and all other airlines. Plaintiffs allege that these statements by defendants are false and injured plaintiffs' good name, reputation, and credit. In addition, these statements caused plaintiffs emotional distress, anxiety, sleeplessness, and high blood pressure. In *Travel All Over the World, Inc.*, the court held that false statements made by an airline about a travel agency were not related to airline services. *Id.* at 1433 (finding airline's false statements to travel agency's clientele were not related to services when the statements asserted that the agency was not reputable, had not booked seats for clients, often lied to clients, and would not be able to handle clients' problems). Moreover, application of the tort claim based on defendants' false and defamatory statements does not have a "significant economic effect" on the airline. *Id.* at 1433. Similarly, defendants' false and

7

defamatory statements do not "relate to" airline services, nor do they have a "significant economic effect" on the airline.

Therefore, all of plaintiffs' allegations, except the defamation of character allegations, which form the basis of their negligence and intentional infliction of emotional distress claims, are related to airline services and therefore preempted under the ADA. However, because it is possible that the defamation allegations may provide a basis for the negligence and intentional infliction of emotional distress claims, the Court must further analyze these claims under Illinois common law to determine whether plaintiffs state a cause of action upon which relief may be granted.

**B. Intentional Infliction of Emotional Distress Claims Under Illinois Common Law**

In order to state a cause of action for intentional infliction of emotional distress, under Illinois law, the complaint must allege that: (1) defendants' conduct was extreme or outrageous, (2) defendant either intended, or knew there was a high probability that his conduct would cause severe emotional distress, and (3) defendants' conduct in fact caused severe emotional distress. *Doe v. Calumet City*, 161 Ill. 2d 374, 392, 641 N.E.2d 498, 506 (Ill. 1994). Whether conduct is extreme or outrageous is determined under an objective standard based on the facts and circumstances of a particular case. *Id.* However, "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" do not constitute extreme or outrageous conduct. *McGrath v. Fahey*, 126 Ill. 2d 78, 87, 533 N.E.2d 806, 809 (Ill. 1988). Instead, the emotional distress must be so severe that no reasonable person could be expected to endure it. *Public Fin. Corp. v. Davis*, 66 Ill. 2d 85, 90, 360 N.E.2d 765, 767 (Ill. 1976).

Defendants told Judi's employer, Air France employees, the media and all other airlines that plaintiffs were unruly passengers, behaved improperly and had complained that the champagne was the improper vintage. These false statements, while negative and critical, as a matter of law do not rise to the level of outrageousness that no reasonable person could be expected to endure. *See Sallis v. Warner Elektra Atlantic Corp.*, No. 98 C 6505, 1999 WL 169423, at *7 (N.D. Ill. Mar. 18, 1999) (finding false and defamatory letter accusing plaintiff of sexual harassment that was sent to numerous business associates did not allege intentional infliction of emotional distress). Therefore, defendants' motion to dismiss the intentional infliction of emotional distress claims is granted and Counts V and VI are dismissed with prejudice.

### C. Negligence Claims Under Illinois Common Law

To successfully plead a negligence cause of action asserting defamation, plaintiff must allege that the publication was false and that defendant knew it was false, or believing it to be true, lacked reasonable grounds for that belief. *Troman v. Wood*, 62 Ill. 2d 184, 198, 340 N.E.2d 292, 299 (Ill. 1975). Further, negligence may form the basis of this defamation action. *Id.* Therefore, plaintiffs' complaint successfully alleges a negligent defamation action because they allege that the statements made were false, and that defendants knew the statements were false. Thus, defendants' motion to dismiss the negligence cause of action with respect to the defamation allegations is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [7-1] is granted with respect to Counts V and VI (Intentional Infliction of Emotional Distress) and those claims are dismissed with prejudice. Defendants' motion to dismiss is granted in part and denied in part with respect to Counts VII and VIII, which the Court construes as negligence claims. To the extent that Counts VII and VIII are based on facts other than the alleged defamatory remarks, the motion to dismiss is granted because those claims are preempted by the ADA. To the extent that Counts VII and VIII are based on the alleged defamatory remarks, the motion to dismiss is denied.

**SO ORDERED**

ENTERED: 3/12/01

HON. RONALD A. GUZMAN
**United States Judge**